## LANDIS *v.* THE MAYAGÜEZ ELECTRIC CO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 61.—Resuelto en abril 13, 1904.

CONTRATOS—SU TERMINACIÓN.—Las partes vienen obligadas al fiel cumplimiento de las estipulaciones consignadas en un contrato, el que sólo puede terminar en la forma y modo en que ambas partes hubieren convenido.(*)

APELACIÓN.—En los casos en que el tribunal inferior hubiere incurrido en error al no conceder al demandante la cantidad reclamada en la demanda, el Tribunal Supremo debe revocar la sentencia y dictar la resolución que procede con arreglo a derecho.

### EXPOSICIÓN DEL CASO.

Vistos estos autos de juicio declarativo, en cobro de pesos promovidos en la Corte de Distrito de Mayagüez, entre partes de la una, Don Eduardo E. Landis, representado y dirigido en esta superioridad por el Letrado Don Herbert E. Smith, y de la otra, la Mayagüez Electric Company, que no se ha personado, sustanciándose por consiguiente el recurso en los

estrados del tribunal; autos pendientes ante nos en virtud de recurso de apelación interpuesto por el actor contra la sentencia pronunciada por la referida corte en 27 de junio del año próximo pasado.

*Resultando:* que la "Mayagüez Electric Company" celebró el día 3 de diciembre de 1901, en Nueva York, un contrato con el recurrente Edward E. Landis por el cual empleó aquélla a éste en calidad de superintendente eléctrico de sus maquinarias en la ciudad de Mayagüez, Puerto Rico, quedando por ese contrato determinadas las obligaciones contraídas por el recurrente y la recurrida.

*Resultando:* que por el referido contrato quedó prefijado el sueldo que debería recibir el recurrente de la recurrida en la suma de noventa dollars por cada uno de los primeros tres meses, del año del contrato, y ciento treinta y cinco, por cada mes de los últimos nueve, hasta cumplirse el término porque fué otorgado dicho contrato.

*Resultando:* que a más del sueldo indicado la compañía recurrida se obligó a pagar al recurrente, después de expirar dicho contrato, la suma de ciento treinta y cinco dollars si hubiese el recurrente desempeñado sus obligaciones de un modo satisfactorio a la compañía, y en todo caso una suma adicional suficiente para sufragar los gastos de viaje de Mayagüez a Nueva York. (*)

*Resultando:* que por otra condición del referido contrato se reservó la compañía el derecho de terminar dicho contrato en cualquier tiempo en el caso de no estar conforme con el cumplimiento por parte del recurrente de las obligaciones que por el contrato había contraído éste, pero con la expresa condición, en tal caso, de darle aviso por escrito por el término de quince días de esa resolución, y al expirar ese término pagarle cuanto se le debiera hasta entonces.

*Resultando:* que la compañía recurrida, sin dar aviso al recurrente, lo dejó cesante, y sin cumplir aquélla con las condiciones del contrato, no obstante la manifestación hecha por

el recurrente expresando su deseo de continuar en el desempeño de sus indicadas obligaciones.

*Resultando:* que el recurrente estableció demanda ante el Tribunal de Distrito de Mayagüez por setecientos noventa y nueve dollars valor de su sueldo desde primero de mayo, 1902, hasta tres de diciembre del mismo año, menos 206 dollars ganados por él durante ese tiempo, y por los gastos de viaje a Nueva York, cuya última suma justificó con pruebas presentadas al tribunal, en la suma de sesenta dollars, y por daños y perjuicios.

*Resultando:* que habiéndose personado la parte demandada en dicho pleito no contestó la demanda, y acusada la rebeldía en debida forma se practicaron las pruebas correspondientes y recayó sentencia definitiva a favor del recurrente condenando a la compañía a pagarle la suma de sesenta y siete dollars con cincuenta centavos, en concepto de sueldo por los quince días y el pasaje de Mayagüez a Nueva York, sin especial condenación de costas.

*Resultando:* que contra esa sentencia el demandante interpuso recurso de apelación ante este tribunal.

*Resultando:* que señalado día para la vista, tuvo ésta lugar en veinte y tres de marzo del corriente año, en cuyo acto el Señor Herbert E. Smith, en representación del recurrente, (*) alegó cuanto estimó conducente a su derecho, no mostrándose parte la recurrida.

Abogado del apelante: *Sr. Smith.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que a un contrato solamente se le puede poner término según el modo convenido por las partes contratantes, y que cada una de ellas tiene por obligación cumplir con las condiciones a que le obliga el contrato.

*Considerando:* que el tribunal sentenciador incurrió en error al no adjudicar al demandante la suma reclamada y fijar

la cantidad de los gastos de viaje, siendo ese punto uno de los fundamentos del escrito de demanda y discutibles en el juicio.

*Considerando:* que por los errores indicados debe ser revocada la sentencia del tribunal sentenciador.

*Fallamos:* que revocando la sentencia del Tribunal de Distrito de Mayagüez, debemos condenar y condenamos a "La Mayagüez Electric Company" a que pague al Señor Eduardo E. Landis la suma de setecientos noventa y nueve dollars con el interés legal desde la fecha de su demanda, hasta su completo pago, y a pagar todas las costas del juicio, entendiéndose sin expresa condenación las del recurso.

Jueces concurrentes: Sres. Figueras y Sulzbacher.

Juez disidente: Sr. Hernández.

El Juez Presidente Sr. Quiñones no formó tribunal en la vista de este caso.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. HERNÁNDEZ.

El juez asociado que suscribe disiente del acuerdo de sus ilustrados compañeros, en la resolución del precedente recurso, y entiende que procede la confirmación de la sentencia (*) apelada, que sólo condena a la Mayagüez Electric Company al pago de sesenta y siete dollars cincuenta centavos, importe de los quince días de aviso que según el contrato debía haber dado al demandante, y a pagar a éste el pasaje desde Mayagüez a Nueva York, sin especial condenación de costas.

La sentencia de la Corte de Mayagüez se ajusta a derecho, pues aunque la falta de cumplimiento de una obligación apareja la indemnización de daños y perjuicios, según el artículo 1068 del Código Civil, es necesario que éstos se deriven y sean consecuencia directa de aquella falta de cumplimiento; y en el caso presente, aunque la expresada compañía dejó de dar aviso por escrito al demandante Mr. Edward Landis, con quince días de anticipación, de que quería terminar el contrato, habiéndolo despedido de sus servicios, sin llenar tal formali-

dad, los perjuicios que se originaron de la falta del aviso pudieron ser otros que los de dejar de percibir Landis el sueldo que le correspondía durante los quince días con los gastos de viaje desde Mayagüez a Nueva York, y nunca la pérdida de los sueldos que hubiera recibido de la compañía, si hubiera seguido trabajando con ella durante el tiempo que se indicó en el contrato.

Buena prueba de que los daños y perjuicios que reclama Landis no se derivan de la falta del aviso, es que después de haber sido despedido trabajó en la Guánica Central y desempeñó funciones de jurado, siendo por ambos conceptos retribuído, retribución que él mismo descarta de la indemnización. Si Landis no encontró más trabajo, no fué por la omisión del repetido aviso, y la responsabilidad de ello, no es exigible a la compañía demandada que al despedirle lo dejó libre y expedito para ocuparse cuando, donde y como quisiera.(*)